TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Dominique Pressey, *et al.,* | Case No. 3:24-cv-00463-MMD-CSD |
| Plaintiffs, | |
| v. | **Order Granting Stipulation regarding Duty and Breach** |
| United States of America, | |
| Defendant. | |

The parties, through their respective counsels, hereby submit this stipulation regarding Duty and Breach.

The Plaintiffs in this case have a single claim for professional negligence[1] under the Federal Tort Claims Act (FTCA). ECF No. 1. The FTCA provides that a person may sue the United States in federal district court in actions involving personal injury torts caused by government employees acting within the scope of their employment when "the United States, if a private person, would be liable to the claimant in accordance with the law of the

---

[1] In Nevada, medical malpractice is incorporated into the broader statutory category of "professional negligence." *Tam v. Eighth Judicial Dist. Court*, 358 P.3d 234, 242 (Nev. 2015). Professional negligence is defined as "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." Nev. Rev. Stat. § 41A.015.

place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); accord28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ."). Thus, in actions brought against the United States under the FTCA, the district court must look to and apply the law of the place where the negligent or wrongful acts occurred. *Richards v. United States*, 369 U.S. 1, 9 (1962); *Pape v. United States*, 2011 U.S. Dist. LEXIS 80801, *3-4.

To assert a claim for professional negligence in Nevada, a party must show "(1) [a] duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) . . . proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Morgano v. Smith*, 110 Nev. 1025, 1028 n.2 (1994).

In this case, Defendant stipulates that Plaintiffs have met their burden for requirements 1 through 2 of their claims through the admission of this fact: Mr. Giorgi's (the decedent) death was the result of a breach of the duty of the standard of care by staff at the Veteran's Administration Reno Hospital.

With regard to requirements 3 and 4, Defendants do stipulate that breaches in the standard of care, including the administration of piperacillin, directly caused Mr. Giorgi's death. However, Defendant does not concede that the death of Mr. Giorgi caused the damages available to individual heirs under NRS 41.085(4), which remains an issue for trial. The Parties agree that the Plaintiffs have a burden to prove any damages available under NRS 41.085(4), to wit:

> **4.    The heirs may prove their respective damages in the action brought pursuant to subsection 2 and the court or jury may award each person pecuniary damages for the person's grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent. The proceeds of any judgment for damages awarded under this subsection are not liable for any debt of the decedent.**

2

The Parties do stipulate that Defendant is liable for the documented funeral expenses of the Decedent, to be established at trial.

The only remaining issues for trial are the "proximate causal connection" between the negligent conduct and remaining injuries and "the actual loss or damage resulting from the professional's negligence."

Respectfully submitted this 8th day of June 2026.

LAIRD LAW PLLC

*/s/ Daniel Laird*
DANIEL LAIRD.
Nevada Bar No: 11831
4175 S. Riley St, Ste 102
Las Vegas, NV 89147

*Attorney for Plaintiff*

SIGAL CHATTAH
First Assistant U.S. Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney

*Attorneys for the United States*

IT IS SO ORDERED

DATED this 9th day of June, 2026.

_____
Miranda M. Du, U.S. District Judge

3